UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CEDRIC EUGENE GREEN,
CDCR #F-38011

                                    Plaintiff,

            vs.

R. SOLIS; J. WILBORN; J. MARTINEZ;
S. RINK; J. CLAYTON; DR. S. BEYER,

                                    Defendants.

Case No.:  3:18-cv-01804-CAB-BLM

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 5]; AND**

**(2)  DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A**

        Cedric Eugene Green ("Plaintiff"), a prisoner incarcerated at Kern Valley State Prison located in Delano, California, and proceeding pro se, has filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  Plaintiff claims his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2016.  (*Id.* at 1.)

/ / /

/ / /

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

## I.   Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

_____

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified copy of his prison trust account statement, as well as a prison certificate, verified by an accounting officer, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* Doc. No. 5; *Andrews*, 398 F.3d at 1119. These statements shows that Plaintiff had an available balance of zero at the time of filing. Therefore, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Thus, the Court GRANTS Plaintiff's Motion to Proceed IFP, declines to assess an initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## B.    Plaintiff's Allegations

In 2016, Plaintiff was housed at RJD "as a participant of the Mental Health Services Delivery System ("MHSDS") at the Enhanced Outpatient Program ("EOP"). (Compl. at 4.)  On June 14, 2016, Plaintiff alleges that he "experienced excessive use of force by prison officials" and subsequently "filed a CDCR 602 inmate appeal ("602")." (*Id.*)

As a result of the filing of an administrative grievance, Plaintiff "began to experience acts of reprisal and harassment by prison officials." (*Id.*) These "acts" included "taunting, intimidation, and threats by the prison officials that control all movement in and out of Facility C MHSDS." (*Id.*) Plaintiff claims that Defendant R Solis "instructed other prison officials to bar Plaintiff access into the bounds of Facility C MHSDS because of the filing of the 602, resulting in deliberate indifference to a serious medical need." (*Id.*)

On August 15, 2016, Plaintiff was "en route to doctor prescribed therapy" when "R. Solis made a false allegation that Plaintiff committed 'battery on a peace officer' by attempting to stab R. Solis with a ball point pen." (*Id.* at 5.) Plaintiff was "handcuffed" and "told by prison officials that he was being charged with a felony." (*Id.*) Plaintiff claims that prison officials "failed to advise Plaintiff of his Fifth Amendment constitutional right against self-incrimination." (*Id.*)

Defendants Solis, Wilborn, Martinez, and Rink "approached Plaintiff in their official capacities as sworn peace officers and questioned Plaintiff about the felony allegation of 'battery on a peace officer.'" (*Id.*) Plaintiff was also "approached" by "licensed Clinical Social Worker J. Clayton and Supervising Senior Psychologist D. S. Beyer" and "questioned Plaintiff about the felony allegation of 'battery on a peace officer.'" (*Id.*)

Plaintiff alleges he exercised his "Fifth Amendment constitutional right against self-incrimination by refusing to participate in the investigation against him." (*Id.* at 6.) He claims it was "collectively decided by R. Solis, J. Wilborn, J. Martinez, S. Rink, J. Clayton, and Dr. Beyer that Plaintiff would be involuntarily admitted into mental health seclusion ("seclusion")." (*Id.*) This decision was purportedly based on a "mental health concern of Plaintiff being a danger to others," along with the "secondary mental health concern of Plaintiff being a danger to self." (*Id.*) However, Plaintiff claims that "at no time on August 15, 2016 did Plaintiff ever express or suggest a reason to be considered" a danger to himself. (*Id.*)

Plaintiff claims that he was harmed by being forced into seclusion due to "conditions that are significantly removed from the ordinary incidents of prison life." (*Id.* at 7.) Plaintiff claims that while he was housed in "seclusion" he was "deprived of attending doctor prescribed therapy," unable to possess "prescription eye glasses." deprived of "hygiene products" including toothpaste and soap, forced to wear a "safety smock." and deprived of outdoor exercise. (*Id.* at 8.)

Plaintiff alleges that Defendants never issued a "CDC 115 'Rules Violation Report' ("RVR") for the allegation of 'battery on a peace officer' against R. Solis." (*Id.* at 9.) Plaintiff was held in "seclusion against Plaintiff's consent, or legitimate reason, for approximately 10 days" based on the "false allegation of 'battery on a peace officer' made by R. Solis." (*Id.* at 11.) **C.**     **42 U.S.C. § 1983**

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D.    Duplicative claims

A preliminary review of Plaintiff's Complaint shows his claims are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A because they are duplicative of those raised, and already dismissed, in another civil action he filed in the Southern District of California in June of 2017. *See Green v. Thiessen, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01165-JAH-RBM ("*Green I*") (Doc. No. 1). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A prisoner's complaint is considered frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(ii) [formerly § 1915(d)] if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations omitted).

In *Green I*, Plaintiff agreed to attend a "doctor prescribed mental health treatment at the EOP center" on July 14, 2016. (*Green I*, Doc. No. 1, at 6.) Plaintiff claimed that he was barred from attending this session by a correctional officer who purportedly stated "Solis doesn't want you over there anymore." (*Id.* at 6.) Plaintiff claimed he "began to recognize symptoms within himself of deteriorating mental stability." (*Id.*) Plaintiff alleges that he attempted suicide "by cutting his left wrist with a razor blade" and was "taken to an 'outside hospital'" for treatment. (*Id.* at 8.)

Plaintiff filed administrative grievances for the events that occurred on July 14, 2016 and claims that he "has been the subject of an aggressive campaign of harassment by RJD prison officials." (*Id.*) This campaign allegedly includes "threats of violence by RJD prison officials, threats of sabotage by RJD prison officials, acts of violence by RJD prison officials, false and unfounded allegations by RJD prison officials of Plaintiff battering a peace officer." (*Id.*)

In the case before this Court, Plaintiff's claims of retaliation and false charges of battery on a peace officer arising from the events that initially occurred on July 14, 2016 are duplicative of the claims brought in *Green I*. According, these claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Cato*, 70 F.3d at 1105 n.2; *Nordstrom*, 762 F.3d at 920 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, [the court] examine[s] whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

/ / /

/ / /

/ / /

### III. Conclusion and Order

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A;

5. **GRANTS** Plaintiff thirty (30) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED**.

Dated: October 3, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge