# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>                         Plaintiff,<br><br>vs.<br><br>R. SOLIS; J. WILBORN; J. MARTINEZ; S. RINK; J. CLAYTON; DR. S. BEYER,<br>                         Defendants. | Case No.: 3:18-cv-01804-CAB-BLM<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**[ECF No. 9]; and**<br><br>**AND**<br><br>**2) SUA SPONTE GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

Cedric Eugene Green ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), has filed a "Motion to Reconsider Order Dismissing Complaint" relating to the Court's October 3, 2018 Order dismissing this civil action as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A (ECF Nos. 6, 9).

**I.     Procedural History**

Plaintiff filed his original Complaint in this case on August 2, 2018, and later filed a Motion for Leave to Proceed IFP (ECF Nos. 1, 3). On October 3, 2018, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint without prejudice because the Court found Plaintiff's claims to be frivolous (ECF No. 6 at 8-9.)  Plaintiff was granted

leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) Instead of filing an amended complaint, Plaintiff has filed this current motion seeking reconsideration of the Court's October 3, 2018 Order.

## II. Plaintiff's Motion for Reconsideration

### A. Standard of Review

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

### B. Plaintiff's Motion

In his Motion, Plaintiff alleges that the Court erred in dismissing his claims as duplicative of the matter he already has pending. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n.2 (9th Cir. 2002)).

Plaintiff is currently litigating a separate action in *Green v. Thiessen, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01156-JAH-RBM ("*Green I*"). In the Court's October 3rd Order, it was found that Plaintiff raised identical claims of retaliation and false charges of battery on a peace officer arising from the events that initially occurred on July 14, 2016 that are

alleged in *Green I*. (ECF No. 6 at 7.)

In his current Motion, Plaintiff argues that *Green I* involves a "single claims of deliberate indifference to a serious medical need." (ECF No. 9 at 2.) Plaintiff claims in the action before this Court ("*Green II*") that the only allegations involve events that occurred on August 15, 2016. (*Id.*)

In *Green I*, Plaintiff sets forth the following allegations:

> "Since the filing of the CDCR 602/staff complaint in regard to the excessive force on June 24, 2016, Plaintiff has been the subject of an aggressive campaign of harassment by RJD officials that include but not limited to: threats of violence by RJD prison officials; threats of sabotage by RJD prison officials; acts of violence by RJD prison officials; false and unfounded allegations by RJD prison officials of Plaintiff battering a peace officer."

See *Green I*, ECF No. 1 at 8.

In *Green II,* Plaintiff sets forth the following allegations:

> "On June 24, 2016, while inside facility C MHSDS Building #1 Plaintiff felt he experienced excessive use-of-force by prison officials working about Facility C MHSDS and filed a CDCR 602 inmate appeal ("602"). Upon commencement of the investigation into the 602, Plaintiff immediately began to experience acts of reprisal and harassment by prison officials about Facility C MHSDS because of the filing of the 602. Such acts of reprisal and harassment include but are not limited to taunting, intimidation and threats by prison officials that control all movement in and out of Facility C MHSDS."

*See Green II*, ECF No. 1 at 4.

These allegations are nearly identical and involve the same set of facts. In his Motion, Plaintiff appears to claim that the only claims he seeks to bring in *Green II* involves claims following August 15, 2016. (ECF No. 9 at 2.) However, this argument is contradicted by the allegations cited above which are contained in his initial filing in *Green II* and involve claims arising from actions that occurred in June of 2016. Plaintiff's arguments that *Green I* involves only Eighth Amendment deliberate indifference to a serious medical need is undermined by his clear allegations of retaliation and harassment.

Plaintiff's request for reconsideration is not based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its October 3, 2108 Order and Judgment of dismissal was erroneous or manifestly unjust, relief is not warranted under FED. R. CIV. P. 59(e).

## III. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion for Reconsideration pursuant to FED. R. CIV. P. 59(e) (ECF No. 9); and

2) Sua sponte **GRANTS** Plaintiff an extension of time to file his First Amended Complaint. Plaintiff is **GRANTED** thirty (30) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in the Court's October 3, 2018 Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

3) The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: October 31, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge