UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN, CDCR #F-38011<br><br>Plaintiff,<br><br>vs.<br><br>R. SOLIS; J. WILBORN; J. MARTINEZ; S. RINK; J. CLAYTON; DR. S. BEYER,<br><br>Defendants. | Case No.: 3:18-cv-01804-CAB-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A; and**<br><br>**(2) DENYING MOTION FOR JOINDER** |

**I. Procedural History**

On August 2, 2018, Cedric Eugene Green ("Plaintiff"), a prisoner incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff claimed his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2016. (*Id.* at 1.)

/ / /

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

On October 3, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 6.) Plaintiff later filed a "Motion to Reconsider" the Court's October 3, 2018 Order which was DENIED by the Court on October 31, 2018. (Doc. Nos. 9, 10.) Plaintiff has now filed his First Amended Complaint ("FAC"), along with a "Motion for Joinder." (Doc. Nos. 12, 13.)

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

### B. Plaintiff's Allegations

On August 15, 2016, Defendant Solis alleged Plaintiff "committed battery on a peace officer resulting in the use of force" when he purportedly "attempted to stab [Solis] with a ball point pen." (FAC at 4.) Plaintiff was "placed in handcuffs and escorted to a holding tank without incident by Solis." (*Id.*)

Unnamed prison officials informed Plaintiff that he was "being charged with 'battery on a peace officer'" which is a "felony offense likely for prosecution." Plaintiff contends that he was not advised of his "constitutional right against self-incrimination." (*Id.*)

While Plaintiff was in the "holding tank" and still in handcuffs, he claims he was "approached by Solis, Martinez, Wilborn, Rink, Clayton, and Dr. Beyer." (*Id.*) Plaintiff alleges that they questioned him about the "allegation of battery on a peace officer against Solis" but Plaintiff "refused to discuss the felony allegations against him." (*Id.*) In addition, Plaintiff claims that because he "decided to exercise his constitutional right against self-incrimination and not participate in the investigation against him," Defendants "involuntarily admitted [him] into the Mental Health Crisis Bed ("MHCB"). (*Id.*) It was determined by Defendants that Plaintiff was a "Danger to Others ("DTO")" based on the allegation made by Solis. (*Id.*)

Plaintiff further alleges that Defendants "applied the secondary concern of 'Danger to Self' ("DTS") only because of Plaintiff's mental health history." (*Id.* at 5.) However, Plaintiff maintains that he never expressed or suggested he was a "DTS [or DTO]" on August 15, 2016. (*Id.*) Plaintiff claims that the decision to place him in the MHCB caused him to suffer the "hardships of seclusion" and Defendants threatened "use of force to get Plaintiff to transfer from the holding tank" to the "seclusion of the MHCB" at Correctional Treatment Center ("CTC") (*Id.*)

Plaintiff alleges that he suffered "significant hardships" in MHCB. (*Id.*) For "approximately ten days," Plaintiff claims he was denied soap, eating utensils, prescription eye glasses, clothing and underwear, bed linens, outdoor exercise, and the right to "participate in mental health treatment at the enhanced outpatient program level of care." (*Id.*) Plaintiff claims that other prisoners who are accused of battery on a peace officer are not placed into seclusion but rather "placed in administrative segregation as a threat to the safety and security of the institution." (*Id.* at 6.)

Plaintiff was not issued a "rules violation report ("RVR")" for the allegations relating to Solis "nor was the matter referred to the District Attorney's office for criminal prosecution." (*Id.*)

Several hours later, on the same day, Plaintiff arrived at the CTC. (*See id.* at 6.) During the "intake process," Plaintiff was "again alleged to have committed battery on a peace officer, against a different officer, S. Rios." (*Id.*) Plaintiff did receive an RVR for the allegation made by Rios. (*See id.*) Plaintiff claims that prison officials determined that "Plaintiff was <u>not</u> so strongly influenced by symptoms of a mental illness" during the incident with Rios. (*Id.*) Plaintiff alleges this finding undermines the previous assessment that he was a danger to others and should never have been sent to "seclusion." (*Id.* at 7-8.) Plaintiff is not challenging the RVR that was issued but rather he claims that it "demonstrate[s] as evidence that Plaintiff was forced into MHCB seclusion by threat of use of force without any legitimate mental health justification." (*Id.* at 8.)

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

**D.  Retaliation claim**

Plaintiff alleges that because he "decided to exercise his constitutional right against self-incrimination and not participate in the investigation against him," Defendants retaliated against him by "involuntarily" admitting him into the MHCB.  (FAC at 4.)

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).[1] Second, Plaintiff must allege Defendants took adverse action against him.[2] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[3] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[4] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

While Plaintiff may have alleged facts sufficient to find that he engaged in "protected conduct," he has failed to allege sufficient facts to support other elements of a

---

[1] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[2] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[3] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison,* 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[4] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill Plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.

retaliation claim. Plaintiff fails to allege a plausible "causal connection" between his protected conduct and the actions taken by Defendants. *Watison*, 668 F.3d at 1114. Plaintiff claims he "did not participate in the investigation against him." (FAC at 4.) As a result, Defendants purportedly placed him in the MHCB finding that he was a "danger-to-self" based on his "mental health history." (*Id.* at 4-5.) Plaintiff argues that he was never a danger to himself or to others on August 15, 2016. (*See id.* at 5.)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Here, the Court takes judicial notice of another civil rights matter Plaintiff has filed prior to this action, *See Green v. Thiessen, et al.*, S.D. Cal. Civil Case No. 3:18-cv-01165-JAH-RBM ("*Green I*") (Doc. No. 1). In that separate action, Plaintiff alleges that he attempted suicide on June 24, 2016 and told prison officials on July 14, 2016 that he was "fearful of committing suicide." (*Id.*, Doc. No. 1 at 3, 6-7.) The actions in *Green I* also occurred at RJD and involved some of the same correctional officers and mental health personnel.

Plaintiff has made clear in his FAC that this is a separate action and therefore, the Court does not consider the claims in this action to be duplicative of the claims brought in *Green I*. A review of the previous action filed indicates that Plaintiff admits he was suicidal on multiple occasions in the weeks and months prior to the events giving rise in this action and he also admits to suffering from serious mental health issues. Therefore, Plaintiff's contention that the decision to base the decision to place him in the MHCB was based on his asserted right not to participate in the investigation rather than based on the professional determination of the status of his mental health, is simply not plausible. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience

6

3:18-cv-01804-CAB-BLM

and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

Therefore, the Court finds that Plaintiff has failed to allege facts sufficient to show the required causal connection in order to find a retaliation claim and dismisses these claims for failing to state a claim upon which relief may be granted.

### E. Equal Protection

Plaintiff claims his equal protection rights were violated when prison officials made the decision to house him in the MHCB. (*See* FAC at 6.) Plaintiff claims that "similarly situated inmates who are participants in the mental health services delivery system or not, are <u>not</u> involuntarily admitted into MHCB seclusion" based "on an allegation of battery on a peace officer" and are instead housed in "administrative segregation as a threat to the safety and security of the institution." (*Id.*)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim is pleaded by alleging that a defendant intentionally discriminated against the plaintiff based on his membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or by alleging facts sufficient to plausibly show that similarly situated individuals were intentionally treated differently absent a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not allege he was discriminated against because he is a member of any protected class. *Serrano*, 345 F.3d at 1082. He also fails to allege facts to plausibly show other prisoners "similarly situated" were treated differently and that any disparate treatment lacked a legitimate purpose. *See McCollum v. Cal. Dept. of Corr. and Rehab.*, 647 F.3d 870, 880-81 (9th Cir. 2011) (Equal Protection claims require a plaintiff to

"articulate which [other persons] were similarly situated or how he is similar to these [persons].").

Thus, without more, Plaintiff's vague and conclusory allegations that Defendants denied him "equal protection" in violation of the Fourteenth Amendment are also insufficient to state a claim for relief.

### F. Eighth Amendment claims

Plaintiff also claims that he was subjected to "cruel and unusual punishment." (FAC at 4.) Plaintiff alleges that for the ten (10) days while he was housed in the MHCB he was "restricted" from sanitation items, eating utensils, ability to wear prescription eye glasses, clothing, bed lines and outdoor exercise. (*Id.* at 5.)

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Id.* (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Rhodes*, 452 U.S. at 346.

In addition, prison officials have a duty to ensure prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To plead an Eighth Amendment claim, prisoners must allege facts sufficient to plausibly show that officials acted with deliberate indifference to a substantial risk of harm to their health or safety. *Farmer*, 511 U.S. at 847.

///

8

Here, Plaintiff has failed to state an Eighth Amendment claim because he has failed to allege facts sufficient to plausibly show that any of the persons he has named as Defendants in this case acted with deliberate indifference to any known, specific, or individualized substantial risk to *his* health or safety. *Farmer*, 511 U.S. at 847; *see also Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim). In order to establish a claim for damages against an individual prison official under § 1983, Plaintiff must allege facts to plausibly show that each official's deliberate indifference actually and proximately caused a deprivation of his Eighth Amendment rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

While inmates have the right to personal hygiene supplies, such as soap, Plaintiff's Complaint fails to contain sufficient factual allegations to suggest that the denial of supplies for a period of time amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. See *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Thus, because Plaintiff fails to allege facts sufficient to satisfy either the objective or the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his FAC fails to state an Eighth Amendment claim upon which relief can be granted.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Court **DISMISSES** Plaintiff's FAC for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

2. The Court **GRANTS** Plaintiff thirty (30) days leave from the date of this Order to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). In addition, Plaintiff's Amended Complaint must comply with Rule 8 of the FRCP and S.D. Cal. CivLr 8.2(a).

3. The Court **DENIES** Plaintiff's Motion for Joinder (Doc. No. 12) as moot.

4. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: January 4, 2019

Hon. Cathy Ann Bencivengo
United States District Judge