UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN, CDCR #F-38011<br><br>Plaintiff,<br><br>vs.<br><br>R. SOLIS; J. WILBORN; J. MARTINEZ; S. RINK; J. CLAYTON; DR. S. BEYER,<br><br>Defendants. | Case No.: 3:18-cv-01804-CAB-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR RECONSIDERATION; and**<br><br>**(2) GRANTING MOITON FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**[Doc. Nos. 16, 17]** |

**I.       Procedural History**

On August 2, 2018, Cedric Eugene Green ("Plaintiff"), a prisoner incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  Plaintiff claimed his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2016.  (*Id.* at 1.)

/ / /

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

On October 3, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 6.) Plaintiff later filed a "Motion to Reconsider" the Court's October 3, 2018 Order which was DENIED by the Court on October 31, 2018. (Doc. Nos. 9, 10.) Plaintiff then filed his First Amended Complaint ("FAC"). (Doc. No. 12.) The Court DISMISSED Plaintiff's FAC, once again, pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 14.) Plaintiff was permitted thirty (30) days leave to file an amended complaint that addressed the deficiencies of pleading identified by the Court. *Id.* at 15.

However, instead of complying with the Court's Order, Plaintiff has filed a "Motion for Reconsideration of Order Dismissing First Amended Complaint." (Doc. No. 16.) In addition, Plaintiff has filed a "Motion for Extension of Time to File Second Amended Complaint." (Doc. No. 17.)

**II.    Motion for Reconsideration**

    **A.    Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) does permit motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge ... has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), permits motions for re consideration within "30 days of the entry of the ruling."

/ / /

/ / /

/ / /

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b*); School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

**B.     Discussion**

In his Motion, Plaintiff seeks reconsideration of the Court's dismissal of his First Amendment retaliation claim. *See* Pl.'s Mot., Doc. No. 16 at 1-2. In his FAC, Plaintiff alleged that Defendant Solis accused Plaintiff of committing "battery on a peace officer resulting in the use of force" when he purportedly "attempted to stab [Solis] with a ball point pen." *See* FAC at 4. Plaintiff was "placed in handcuffs and escorted to a holding tank without incident by Solis." *Id.*

Unnamed prison officials informed Plaintiff that he was "being charged with 'battery on a peace officer'" which is a "felony offense likely for prosecution." Plaintiff

contended that he was not advised of his "constitutional right against self-incrimination." *Id.*

While Plaintiff was in the "holding tank" and still in handcuffs, he claimed he was "approached by Solis, Martinez, Wilborn, Rink, Clayton, and Dr. Beyer." *Id.* Plaintiff alleged that they questioned him about the "allegation of battery on a peace officer against Solis" but Plaintiff "refused to discuss the felony allegations against him." *Id.* Plaintiff concluded that because he "decided to exercise his constitutional right against self-incrimination and not participate in the investigation against him," Defendants retaliated against him by "involuntarily" admitting him into the MHCB. *Id.*

The Court found that "Plaintiff's contention that the decision to place him in the MHCB was based on his asserted right not to participate in the investigation rather than based on the professional determination of the status of his mental health, is simply not plausible." *See* Jan. 4, 2019 Order, Doc. No. 14 at 6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

In his Motion for Reconsideration, Plaintiff attaches as an exhibit the "Brief Mental Health Evaluation" form which appears to be prepared by Defendant Clayton on August 15, 2016. *See* Pl.'s Mot, Doc. No. 16 at 8, 10. Plaintiff uses what is stated in his form to bolster his argument that he was retaliated against because he purportedly refused to participate in the investigation arising from the charge of battery on a peace officer. Plaintiff claims that his "protected conduct" was his constitutional right against self-incrimination. Plaintiff also challenges the decision to place him in the Mental Health Crisis Bed ("MHCB") unit by arguing that there was no "legal, legitimate mental health justification" for this placement. *Id.* at 5.

However, this document indicates that what Plaintiff is referring to as a criminal "investigation" was not actually a criminal or disciplinary investigation. Instead, as part of the "suicide risk evaluation," it was noted that Plaintiff "did not cooperate with mental

4

3:18-cv-01804-CAB-BLM

examination by this clinician." *Id.* at 8. Defendant Clayton, who purportedly conducted the examination and wrote the evaluation, noted that she was "unable to obtain full mental health assessment of [Plaintiff's] current mental state." *Id.* She went on to conclude that "based on history and [Plaintiff's] recent reported assault on an officer," as well as "lack of participation with [Clayton's] questions, a history of "suicidal gestures following interaction with staff/custody," history of "suicide attempts, and [history] of suicidal behavior such as cut, [Plaintiff] will be admitted to MHCB." *Id.* While Plaintiff focuses on one reason given why he was admitted to the MHCB, the form actually indicates that there were several reasons why it was decided he should be placed in MHCB.

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, Plaintiff must allege Defendants took adverse action against him. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Watison*, 668 F.3d at 1114-15.

Plaintiff's claim that he was retaliated against because he was asserting his right against self-incrimination is not supported by the documentation Plaintiff has attached to his Motion. Plaintiff's arguments to do not change the Court's findings that Plaintiff has failed to allege facts sufficient to support a First Amendment retaliation claim.

Plaintiff's request for reconsideration is not based on newly discovered evidence or any intervening change in controlling law. *See Ybarra*, 656 F.3d at 998. Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its January 4, 2019 Order was erroneous or manifestly unjust, relief is not warranted under FRCP 60(b).

## III. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion for Reconsideration pursuant to FED. R. CIV. P. 60(b) (Doc. No. 16);

2) **GRANTS** Plaintiff' Motion for Extension of Time to File Second Amended Complaint (Doc. No. 17). Plaintiff is **GRANTED** thirty (30) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in the Court's January 4, 2019 Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

3) The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: February 5, 2019

Hon. Cathy Ann Bencivengo
United States District Judge