UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN, CDCR #F-38011<br><br>Plaintiff,<br><br>vs.<br><br>R. SOLIS; J. WILBORN; J. MARTINEZ; S. RINK; J. CLAYTON; DR. S. BEYER,<br><br>Defendants. | Case No.: 3:18-cv-01804-CAB-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING DEFENDANTS AND CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A;**<br><br>**(2) DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO FRCP 21; AND**<br><br>**(3) DIRECTING US MARSHALS OFFICE TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT** |

**I.  Procedural History**

On August 2, 2018, Cedric Eugene Green ("Plaintiff"), a prisoner incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  Plaintiff claimed his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2016.  (*Id.* at 1.)

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

On October 3, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 6.) Plaintiff later filed a "Motion to Reconsider" the Court's October 3, 2018 Order which was DENIED by the Court on October 31, 2018. (Doc. Nos. 9, 10.) Plaintiff then filed his First Amended Complaint ("FAC"), along with a "Motion for Joinder." (Doc. Nos. 12, 13.)

On January 4, 2019, the Court again DISMISSED Plaintiff's FAC pursuant to pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 14.) On March 4, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. No. 19.) In his SAC, Plaintiff added defendants and claims that were not raised in either his original Complaint or his FAC.

**II.    Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   **A.    Standard of Review**

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

///

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

### B. Plaintiff's Allegations

In July of 2016, Plaintiff was housed at RJD as a "participant of the Mental Health Services Delivery System ("MHSDS") at the Enhanced Outpatient Program ("EOP") level of care ("LOC")." SAC at 4.

On July 28, 2016, Plaintiff was "engaged in the protected conduct of submitting to prison officials a CDCR 602 inmate/parolee appeal form" regarding the purported conduct of Defendant Solis. *Id.* Plaintiff claims that Solis "took adverse action" against Plaintiff on August 15, 2016 by "falsely alleging that Plaintiff committed the felony offense of 'battery on a peace officer.'" *Id.* Plaintiff claims this was in retaliation for the filing of the administrative grievance against Solis. *See id.*

Plaintiff was then placed "inside a therapeutic holding cell ("THC") located inside MHSDS Building #1 in handcuffs." *Id.* at 5. Plaintiff alleges that while "being held inside the THC of MHSDS Building #1" there was no prison official "advis[ing] Plaintiff of the constitutional right against self-incrimination." *Id.*

Subsequently, Plaintiff claims Defendants Wilborn, Martinez, Rink, Clayton, and Beyer attempted to "provoke Plaintiff into making possible self-incriminating statements" but all failed. *Id.* at 5-7. Plaintiff alleges that he "decided to engage in the protected conducts of freedom of speech and expression, and the constitutional right against self-incrimination by refusing to discuss the felony allegation against him." *Id.* at

7. Plaintiff claims that as a result of these actions, these Defendants "collaborated at taking the adverse action against Plaintiff by using the serious threat of physical violence through 'use of force' to involuntarily admit Plaintiff into the significant hardships" into the "Mental Health Crisis Bed ("MHCB")." *Id.*

Plaintiff claims that "despite any of [his] mental health history, mental health staff of RJD did not consider Plaintiff to be an imminent danger to self ("DTS") or a danger to others ("DTO")." *Id.* at 8. The MHCB is a higher level of care than EOP and is "reserved only for inmates considered" to be a danger to themselves or others "as a result of a serious mental health illness." *Id.*

Plaintiff claims that Clayton, a social worker, "documented" in the time leading up to the incident Plaintiff was "conscious and alert," he "did well in a therapeutic setting," and he was "future oriented." *Id.* at 9. Plaintiff asserts that the allegation of "battery on a peace officer" was "heavily relied on by Defendants to involuntarily admit Plaintiff into seclusion with a use of force threat." *Id.*

Plaintiff claims he "should have been placed in Ad-Seg" rather than the MHCB "based on the allegation made by Solis." *Id.* at 11. The living conditions in Ad-Seg "are greater than the significant hardships of seclusion." *Id.* Plaintiff contends Defendants "failed to consider mental health 'alternative housing,'" a less restrictive observation setting of the normal process prior to an inmate being admitted into the MHCB." *Id.* at 12. Plaintiff was held in the MHCB unit "for ten days between August 15, 2016 and August 24, 2016." *Id.* Plaintiff claims that he suffered from a number of restrictions while housed in MHCB. *See id.* at 13. While housed in MHCB, Plaintiff was not permitted to use eyeglasses, hand soap, "eating utensils," and some clothing. *Id.* In addition, Plaintiff had limited "access to outdoors and exercise" and "mental health treatment in a therapeutic setting." *Id.*

C. **New Defendants and Allegations**

On August 11, 2016, Plaintiff "submitted to prison officials an appeal regarding, in part, intimidation and threats of false allegations, sabotage, and physical violence made

by, in part, Beltran during Plaintiff's presence in the CTC." *Id.* at 15. Plaintiff claims "Facility C Defendants, in part, conspired with Beltran to isolate Plaintiff in seclusion so that Plaintiff could be retaliated against for use of the appeal system." *Id.* at 16. When Plaintiff arrived at CTC, he claims "Beltran and Rios attacked Plaintiff without just cause, slamming Plaintiff onto his front side." *Id.* Plaintiff further claims "Beltran maliciously and sadistically applied all of his body weight to one of Plaintiff's arms while Rios malicious and sadistically applied all of his body weight to Plaintiff's other arm." *Id.* As a result, Plaintiff's handcuffs "[dug] into the soft tissues, ligaments and tendons of Plaintiff's wrists and damaged the anatomy of, in part, Plaintiff's right wrist/hand/thumb." *Id.*

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Retaliation claim

#### 1. Claims against Solis

As currently pleaded, the Court finds Plaintiff's SAC contains "sufficient factual matter, accepted as true," to state a retaliation claims against Solis that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and

1915A(b).[1] *See Wilhelm,* 680 F.3d at 1123; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

    2.    <u>Claims against Defendants Wilborn, Martinez, Rink, Clayton, and Beyer</u>

However, the Court finds that Plaintiff has not sufficiently alleged a retaliation claim against Defendants Wilborn, Martinez, Rink, Clayton, and Beyer. A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).[2] Second, Plaintiff must allege Defendants took adverse action against him.[3] *Rhodes*, 408 F.3d at 567. Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[4] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[5] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

[2] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[3] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[4] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison*, 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[5] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill Plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.

While Plaintiff may have alleged facts sufficient to find that he engaged in "protected conduct," he has failed to allege sufficient facts to support other elements of a retaliation claim. Plaintiff fails to allege a plausible "causal connection" between his protected conduct and the actions taken by these Defendants. *Watison*, 668 F.3d at 1114.

First, Plaintiff claims that "if not for Plaintiff's use of the appeal system, Solis would not have taken the adverse action of making the false allegation of felony 'battery on a peace officer.'" SAC at 7. Second, Plaintiff argues that "but for" this false allegation, "Plaintiff would not have been questioned by Defendants about the fabricated felony incident." *Id.* Under this logic, Plaintiff's claim of retaliation against Defendants Wilborn, Martinez, Rink, Clayton, and Beyer fails. Plaintiff has not alleged that they knew the allegation to be false. Plaintiff has not alleged that they were even aware that Plaintiff had filed an administrative grievance against Solis. There is no causal connection alleged by Plaintiff between the purported "protected conduct" and the decision by these Defendants to place him in the MHCB unit. Accordingly, Plaintiff's retaliation claims against Defendants Wilborn, Martinez, Rink, Clayton, and Beyer is DISMISSED for failing to state a claim upon which relief may be granted.

### E. Eighth Amendment mental health care claims

Plaintiff alleges that Defendants "infringed on Plaintiff's right to receive access to health care at the EOP LOC in a therapeutic setting" and caused a "delay in access to health care." SAC at 14. To the extent that Plaintiff is attempting to allege that Defendants violated his right to adequate mental health care, the Court finds that Plaintiff has failed to state an Eighth Amendment claim.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing Estelle, 429 U.S. at 103-04. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 914 F.2d at 1059, quoting *Estelle*, 429 U.S. at 104. "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.*, citing *Wood v. Housewright,* 900 F.2d 1332, 1337-41 (9th Cir. 1990); *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989).

Here, the Court will presume Plaintiff's claims regarding his mental health care needs are sufficient to plead an objectively serious mental health need. *McGuckin*, 914 F.2d at 1059. However, even assuming Plaintiff's mental health care needs are sufficiently serious, his SAC still fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference" to his needs. *Id.*, at 1060; *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Iqbal*, 556 U.S. at 678.

Here, Plaintiff is arguing that the Defendants used a more restrictive means to provide him with mental health care rather than provide the care in a "therapeutic setting." SAC at 14. However, a difference of opinion between a prisoner and his doctors as to the appropriate course or type of medical attention does not amount to deliberate indifference. *See Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). Here, Plaintiff's allegations indicate he is disagreeing with the course of treatment recommended by his mental health care providers which does not rise to the level of an Eighth Amendment violation.

The Court finds that Plaintiff's SAC contains no facts sufficient to show that any individual acted with deliberate indifference to his plight by "knowing of and disregarding an[y] excessive risk to his health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### F. Eighth Amendment conditions of confinement claims

Plaintiff also claims for a span of ten days he was housed in the MHCB unit, he was not permitted to use eyeglasses, as well as being denied hand soap, "eating utensils," and some clothing. *Id.* In addition, Plaintiff had limited "access to outdoors and exercise" and "mental health treatment in a therapeutic setting." SAC at 10.

Once again, Plaintiff has failed to state an Eighth Amendment claim because he has failed to allege facts sufficient to plausibly show that any of the persons he has named as Defendants in this case acted with deliberate indifference to any known, specific, or individualized substantial risk to *his* health or safety. *Farmer*, 511 U.S. at 847; *see also Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim). In order to establish a claim for damages against an individual prison official under § 1983, Plaintiff must allege facts to plausibly show that each official's deliberate indifference actually and proximately caused a deprivation of his Eighth Amendment rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In his SAC, there are no allegations that any of the named Defendants were aware of the conditions of Plaintiff's confinement after he was transferred to the MHCB unit.

Plaintiff's SAC fails to contain sufficient factual allegations to suggest that the denial of hand soap or outdoor exercise for a ten-day period amounts to the type of objectively serious deprivation the Cruel and Unusual Punishments Clause exists to prevent. See *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); *Farmer*, 511 U.S. at 834. There are no allegations that the deprivation was "severe or prolonged." *See Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or

prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Thus, because Plaintiff fails to allege facts sufficient to satisfy either the objective or the subjective component of an Eighth Amendment violation–that any Defendant caused him to be deprived of "life's necessities" with deliberate indifference to his health or safety–his SAC fails to state an Eighth Amendment claim upon which relief can be granted.

### G. Equal Protection claims

Plaintiff also claims that Defendants "discriminated against Plaintiff by intentionally depriving Plaintiff of due process afforded to similarly situated inmates based on, in part, Plaintiff's membership in the protected class of Americans with medical disabilities." SAC at 14.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim is pleaded by alleging that a defendant intentionally discriminated against the plaintiff based on his membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or by alleging facts sufficient to plausibly show that similarly situated individuals were intentionally treated differently absent a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Here, Plaintiff fails to allege facts to plausibly show other prisoners "similarly situated" were treated differently and that any disparate treatment lacked a legitimate purpose. *See McCollum v. Cal. Dept. of Corr. and Rehab.*, 647 F.3d 870, 880-81 (9th Cir. 2011) (Equal Protection claims require a plaintiff to "articulate which [other persons] were similarly situated or how he is similar to these [persons].").

Thus, without more, Plaintiff's vague and conclusory allegations that Defendants

denied him "equal protection of the laws" in violation of the Fourteenth Amendment are insufficient to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 & n.3 (2007) ("labels and conclusions" are insufficient to state a claim for relief).

### F. New claims

As stated above, for the first time, Plaintiff brings Eighth Amendment excessive force claims against previously unnamed Defendants Beltran and Rios. *See* SAC at 15. While Plaintiff makes a vague and conclusory allegation of "conspiracy" between these new Defendants and "Facility C Defendants," there are no facts to suggest that the claims relating to Defendants Beltran and Rios are at all related to the allegations against the originally named Defendants. *See* SAC at 16.

If the requirements for permissive joinder under Rule 20 are not satisfied, courts may look to Rule 21. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Rule 20 provides that a plaintiff may bring claims against several defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, these claims against Bertran and Rios are a separate and distinct Eighth Amendment excessive force claim arising on a different day and are not found anywhere in Plaintiff's original Complaint or FAC. Moreover, Plaintiff offers no plausible facts indicating that this incident arose out of the "same transaction, occurrence, or series of transactions." *Id.*

Under Rule 21, where a court finds misjoinder, "on its own" it may "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Therefore, the Court severs all claims against Defendants Bertran and Rios from this action and directs the Clerk of Court to terminate these Defendants from the action. This is without prejudice to permit Plaintiff to file a separate action regarding these claims.

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. **DISMISSES** all claims against Defendants Wilborn, Martinez, Rink, Clayton, and Beyer for failing to state a claim upon which relief may be granted. The Clerk of Court is directed to terminate these Defendants from the docket.

2. **DISMISSES** Defendants Beltran and Rios from this action on the grounds pursuant to Fed.R.Civ.P. 21. The Clerk of Court is directed to terminate these Defendants from this action.

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's SAC (Doc. No. 19) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Solis. In addition, the Clerk will provide Plaintiff with a certified copy of the October 6, 2018 Order granting Plaintiff IFP status, a certified copy of his SAC, and the summons so that he may serve Defendant Solis. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

4. **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon Defendant Solis as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

5. **ORDERS** Defendant Solis, once served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C.

§ 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or Defendant's counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

**IT IS SO ORDERED**.

Dated: April 9, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge