UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN, CDCR #F-38011<br><br>Plaintiff,<br><br>vs.<br><br>R. SOLIS; J. WILBORN; J. MARTINEZ; S. RINK; J. CLAYTON; DR. S. BEYER,<br><br>Defendants. | Case No.: 3:18-cv-01804-CAB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>[Doc. No. 23] |

Currently before this Court is Plaintiff's "Motion for Leave to Amend Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 2.) For the reasons set forth below, Plaintiff's Motion is DENIED.

I. **Procedural History**

On August 2, 2018, Cedric Eugene Green ("Plaintiff"), a prisoner incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff claimed his

constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2016. (*Id.* at 1.) In addition, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

On October 3, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 6.) Plaintiff later filed a "Motion to Reconsider" the Court's October 3, 2018 Order which was DENIED by the Court on October 31, 2018. (Doc. Nos. 9, 10.) Plaintiff then filed his First Amended Complaint ("FAC"), along with a "Motion for Joinder." (Doc. Nos. 12, 13.)

On January 4, 2019, the Court again DISMISSED Plaintiff's FAC pursuant to pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 14.) On March 4, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. No. 19.) In his SAC, Plaintiff added defendants and claims that were not raised in either his original Complaint or his FAC. The Court DISMISSED all of Plaintiff's claims and Defendants found in his SAC with the exception of Plaintiff's retaliation claims against Defendant Solis. (Doc. No. 20). The Court directed the United States Marshals Service ("USMS") to effect service of the summons and SAC on Defendant Solis. (*Id.*)

On May 14, 2019, Plaintiff filed a "Motion for Leave to Amend Second Amended Complaint" to which a proposed "Third Amended Complaint" is attached. (Doc. No. 23.)

**II.    Motion to Amend pursuant to FRCP 15(a)(2)**

Federal Rules of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* This rule also states that the "court should freely give leave when justice so requires." *Id.*

When evaluating a motion to amend under Rule 15, the Court considers: (1) whether there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) whether there have been repeated failures to cure deficiencies by previous amendments; (3) whether there has been undue prejudice to the opposing party

"by virtue of the allowance of the amendment"; and (4) whether amendment would be futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's purpose in seeking leave to file an amended complaint is not to correct the deficiencies of pleading that the Court has repeatedly informed him of but rather it is to "include 'new defendants' and 'new claims'." (Pl.'s Mot., Doc. No. 23 at 2.) Plaintiff also requests that these new claims "relate back" to the filing of the original Complaint. (*Id.*) Finally, Plaintiff alleges that "all counts and claims of this civil action [arose] on August 15, 2016 in the same series of transactions and occurrences as established by prison officials" purportedly documented in his attempts to administratively exhaust his grievances. (*Id.*)

As an initial matter, the Court finds that Plaintiff has engaged in "undue delay" in bringing these new claims and defendants. Plaintiff initially filed this action on August 2, 2018. (*See* Doc. No. 1.) In his original Complaint, Plaintiff did not raise any excessive force claims or name Beltran, Rios, Lucero, or Kang as Defendants. (*Id.*) The Court notified Plaintiff of the deficiencies that were found in his original Complaint and permitted him leave to file an amended pleading. (*See* Doc. No. 6.) Plaintiff filed a motion for reconsider which was DENIED by the Court, but Plaintiff was permitted additional time to comply with the Court's Order requiring him to file an amended pleading. (*See* Doc. Nos. 9, 10.) Plaintiff ultimately filed his First Amended Complaint ("FAC") on November 28, 2018. (Doc. No. 13.) In Plaintiff's FAC he did not include any claims of excessive force nor did he name Beltran, Rios, Lucero, or Kang as Defendants. Plaintiff's FAC was DISMISSED for failing to state a claim but he was again given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See* Doc. No. 14.)

Instead of filing an amended pleading, Plaintiff filed another motion for reconsideration. (*See* Doc. No. 16.) This motion did not raise any excessive force claims nor did Plaintiff request leave to add new claims or defendants. (*Id.*) The Court

DENIED the motion but GRANTED Plaintiff additional time to file an amended pleading to correct the deficiencies of pleading identified in the Court's January 4, 2019 Order. (Doc. No. 18.) On March 4, 2019, nearly seven months after filing this action, Plaintiff filed his Second Amended Complaint ("SAC"). (*See* Doc. No. 19.)

In his SAC, for the first time, Plaintiff added excessive force claims that were unrelated to the other claims found in his previous pleadings. (*See id.* at 16-17.) In addition, Plaintiff named Beltran and Rios as Defendants for the first time. (*See id.* at 3.) On April 9, 2019, this Court issued an Order dismissing these claim against Beltran and Rios by finding, in part, that Plaintiff offered "no plausible facts indicating that [the alleged excessive force] arose out of the 'same transaction, occurrence, or series of transactions.'" (Doc. No. 20 at 11 (citing Fed.R.Civ.P. 20(a)(2)(A).) The Court severed all claims against Bertran and Rios and informed Plaintiff that the dismissal was without prejudice to permit Plaintiff to file a separate action regarding these claims. (*Id.* at 11-12.)

Instead, Plaintiff filed this proposed TAC that is currently before the Court on May 14, 2019. (*See* Doc. No. 23.) In addition, to renaming Bertran and Rios despite the Court's previous Order, Plaintiff adds two additional parties, Lucero and Kang who were not previously named in any pleading. (*See id.* at 5-6.) Plaintiff has not set forth any rationale as to why he waited nearly seven months to raise the claims against Bertran and Rios and nine months to raise claims against Lucero and Kang after the filing of his original Complaint. Thus, the Court finds that Plaintiff has engaged in "undue delay." *Sharkey*, 778 F.3d at 774.

In addition, Plaintiff has also been given repeated opportunities to correct the claims the Court found deficient. Each time the Court provided Plaintiff with the legal standard for the deficient claims and gave him the opportunity to file amended pleadings. (*See* Doc. Nos. 6, 10, 14.) Plaintiff was also given additional extensions of time to assist him in the attempt to correct the deficiencies of pleading found by the Court. (*See* Doc. Nos. 10, 18.) On April 9, 2019, the Court issued its Order dismissing all the claims in

Plaintiff's SAC with the exception of the retaliation claim against Solis.  (*See* Doc. No. 20 at 12.)  The Court permitted Plaintiff to proceed with those claims and directed the USMS to serve the SAC and summons upon Solis.  (*Id.* at 12.)

Finally, the Court finds that Plaintiff's attempt to re-allege retaliation claims against Defendants Wilborn, Martinez, Rink, Clayton and Beyer is futile.  The Court has previously instructed Plaintiff with regard to the elements required to state a retaliation claim.  (*See* Doc. No. 14 at 5-10; Doc. No. 20 at 6-7.)  Specifically, Plaintiff was informed that a retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).[1] Second, Plaintiff must allege Defendants took adverse action against him.[2] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[3] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[4] Fifth, Plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*,

---

[1] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[2] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[3] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison*, 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[4] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill Plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.

778 F.2d at 532; *Watison*, 668 F.3d at 1114-15. (Doc. No. 14 at 5-10; Doc. No. 20 at 6-7.)

The Court found that both Plaintiff's FAC and SAC lacked at least one of the requisite elements of a retaliation claim which is a plausible "causal connection" between his protected conduct and the actions taken by Defendants. (*Id.* citing *Watison*, 668 F.3d at 1114.) Plaintiff's proposed TAC fares no better. Plaintiff's allegations simply state that Defendants "were aware of Plaintiff's use of the appeals system." (Doc. No. 23 at 9.) Simply being "aware" Plaintiff had filed grievances does not necessarily show that any of the Defendants actions were taken because of a specific grievance filed by Plaintiff. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff has been given the opportunity to correct the deficiencies of pleading and has failed to do so. Thus, the Court finds that further attempts to amend would be futile.

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's "Motion for Leave to Amend Second Amended Complaint" (Doc. No. 23) is DENIED.

**IT IS SO ORDERED**.

Dated: May 24, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge