UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN, CDCR #F-38011<br><br>Plaintiff,<br><br>vs.<br><br>R. SOLIS; J. WILBORN; J. MARTINEZ; S. RINK; J. CLAYTON; DR. S. BEYER,<br><br>Defendants. | Case No.: 3:18-cv-01804-CAB-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER COURT ORDER**<br><br>[Doc. No. 28] |

## I.   Procedural History

On August 2, 2018, Cedric Eugene Green ("Plaintiff"), a prisoner incarcerated at California Men's Colony located in San Luis Obispo, California, and proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff claimed his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2016. (*Id.* at 1.)

/ / /

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 5).

On October 3, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 6.) Plaintiff later filed a "Motion to Reconsider" the Court's October 3, 2018 Order which was DENIED by the Court on October 31, 2018. (Doc. Nos. 9, 10.) Plaintiff then filed his First Amended Complaint ("FAC"). (Doc. No. 12.) The Court DISMISSED Plaintiff's FAC, once again, pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. (Doc. No. 14.) Plaintiff was permitted thirty (30) days leave to file an amended complaint that addressed the deficiencies of pleading identified by the Court. (*Id.* at 15.) Plaintiff then filed another "Motion to Reconsider" rather than initially complying with the Court's Order. (Doc. No. 16.) The Court, once again, DENIED Plaintiff's Motion and GRANTED him an extension of time to file an amended pleading. (Doc. No. 18.)

On March 4, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. No. 19.) The Court again conducted the required sua sponte screening and determined that Plaintiff had failed to state a claim as to Defendants Wilborn, Martinez, Rink, Clayton, and Beyer. (Doc. No. 20.) Those Defendants were DISMISSED from the action. (*Id.*) The Court also DISMISSED Defendants Beltran and Rios, without prejudice, pursuant to Fed.R.Civ.P. 21. (*Id.*) Finally, the Court directed the U.S. Marshal to serve a copy of the SAC and summons upon Defendant Solis. (*Id.*) Plaintiff then filed a "Motion for Leave to Amend Second Amended Complaint" which was DENIED by the Court on May 24, 2019. (Doc. Nos. 23, 24.)

On June 12, 2019, Plaintiff filed a "Motion to Amend or Alter Court Order." (Doc. No. 28.) Defendant Solis has been served in this action and recently received an extension of time to respond to Plaintiff's SAC. (Doc. Nos. 29-31.)

/ / /

/ / /

## II. Motion to Amend or Alter Court Order

### A. Standard of Review

First, as stated above, Plaintiff brings this Motion pursuant to Fed.R.Civ.P. 59. A motion brought under this rule is to "alter or amend a judgment." Fed.R.Civ.P. 59(e). No judgment has been entered in this matter and thus, Rule 59 is inapplicable.

However, the Court will liberally construe this as a motion brought pursuant to Federal Rules of Civil Procedure 60(b), which provides, in part, that "[o]n motion and just terms, the court may relive a party or its legal representative from a final judgment, order or proceeding." Fed.R.Civ.P. 60(b). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. *Id.*

### B. Application to Plaintiff's Motion

In his Motion, Plaintiff argues that this Court "committed clear error and made a decision that is manifestly unjust" when the Court dismissed portions of Plaintiff's SAC and "refuse[d] to accept Plaintiff's proposed Third Amended Complaint ("TAC")." (Doc. No. 28 at 1-2.)

Specifically, Plaintiff argues that "though the SAC was sufficient, Plaintiff proposed a TAC that offers greater details to the pleadings." (*Id.* at 3.) The Court has conducted the required sua sponte screening of Plaintiff's pleadings on three separate occasions. (*See* Doc. Nos. 6, 14, 20.) And after each Order was issued, Plaintiff filed a motion challenging the Order. (*See* Doc. Nos. 9, 16, 28) In this latest objection, Plaintiff does not provide any specific factual allegations to bolster any of the claims that were dismissed but instead, he only disagrees with the Court's assessment that the factual allegations he had previously alleged were insufficient to state a claim.

Plaintiff argues that a "pro se complaint is to contain a short, simple statement of material facts that must be accepted as true and construed in light most favorable to Plaintiff." (Doc. No. 28 at 4 citing *Rosati v. Igbinoso*, 791 F.3d, 1037, 1039 (9th Cir.

2015).) To the extent Plaintiff implies that the Court has failed to liberally construe his pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). "The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 30, 311 (10th Cir. 1977)).

Plaintiff further contends that he gave the Court "the required information" to support his claims by providing exhibits for his proposed TAC. (*Id.* at 7.) However, the "policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." *In re Marino,* 37 F.3d 1354, 1357 (9th Cir. 1994).

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2019). Thus, because Plaintiff has failed to offer any valid basis upon which the Court might find its April 9, 2019 or May 24, 2019 Orders were erroneous or manifestly unjust, relief is not warranted under FED. R. CIV. P. 60(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. Conclusion and Order

Accordingly, Plaintiff's "Motion to Amend or Alter Court Order (Doc. No. 28) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: July 5, 2019

Hon. Cathy Ann Bencivengo
United States District Judge