# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>R. SOLIS,<br><br>　　　　　　　　　　Defendant. | Case No.: 18CV1804-CAB (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY PRIOR TO OPPOSING SUMMARY JUDGMENT**<br><br>**[ECF No. 41]** |

Plaintiff is currently incarcerated at the California Men's Colony State Prison, in San Luis Obispo, California and is proceeding *pro se* and *in forma puaperis* in this title 42 U.S.C section 1983 action. ECF Nos. 1, 5, 6. On August 5, 2019, Defendant R. Solis filed a motion for summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies. ECF No. 37. On August 5, 2019, the Court issued a Klingele/Rand Notice and Order setting the briefing schedule for Defendant's summary judgment motion. ECF No. 38. On August 21, 2019, Plaintiff filed *nunc pro tunc* a motion to conduct discovery prior to opposing summary judgment. ECF No. 41. On August 26, 2019, the Court ordered Defendant to file a response to Plaintiff's motion and vacated the opposition and reply deadlines and hearing date set forth in the August 5, 2019

schedule. ECF No. 42; see also ECF No. 38. Defendant opposed Plaintiff's motion to conduct discovery prior to opposing summary judgment on August 30, 2019. ECF No. 44. Plaintiff replied to the opposition on September 13, 2019. ECF No. 45.

Plaintiff is requesting that the Court continue his deadline to oppose Defendant's motion for summary judgment and order Defendant to produce Plaintiff's appeal DSH-SVSP-16000066, dated May 15, 2019. ECF No. 41 at 3; ECF No. 45. Defendant contends that Plaintiff's motion should be denied because Plaintiff has failed to demonstrate that the requested information would prevent summary judgment. ECF No. 44. Specifically, Defendant asserts that (1) Plaintiff did not explain the content of his appeal or what new information it contains that could dispute the fact that neither Defendant Solis nor the claims against him were identified in the appeal, (2) even if Plaintiff had identified Defendant Solis in the May 15, 2019 appeal, it would not prevent summary judgment as Defendant Solis was not named in the initial appeal and Plaintiff could not have exhausted his administrative remedies by naming Defendant Solis in a later appeal, and (3) even if Plaintiff had identified Defendant Solis in the May 15, 2019 appeal, it was submitted nine months after this case was initiated and administrative remedies cannot be exhausted after initiating a lawsuit. Id.

Federal Rule of Civil Procedure 56(d) permits a court to defer or deny a motion for summary judgment or to allow a party to conduct discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).[1] The Ninth Circuit has held that "[f]ailure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." Suhovy v. Sata Lee Corp., 2014 WL 1400824, at *2 (E.D. Cal. Apr. 10, 2014).

---

[1] Plaintiff's motion seeks relief pursuant to Fed. R. Civ. P. 56(f). ECF No. 41. The provisions of subsection (f) of Rule 56 became current subsection (d) without substantial change during the 2010 Amendments of Rule 56. See Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist., 2016 WL 3613278, at *1 n.1 (D. Ariz. Feb. 22, 2016) ("Rule 56(d) was, until recently, Rule 56(f). While the number of the rule has been altered, the spirit of the rule remains unchanged") (citing Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 899, n. 7 (9th Cir. 2012) ("[F]ormer Rule 56(f) . . . is substantially the same as current Rule 56(d).").

"Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment." Enciso v. Moon, 2015 WL 673269, at *1 (E.D. Cal. Feb. 17, 2015) (citing Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009)).

Here, Plaintiff has not made the requisite showing. Plaintiff properly raised his discovery request in a Rule 56(d) motion with a declaration signed under penalty of perjury stating that without a copy of his appeal, "there is a substantial risk that [he] will be deprived of an opportunity to adequately oppose Defendants motion for summary judgment on grounds of failure to exhaust administrative remedies." ECF. 41 at 4-5. However, Plaintiff has not specifically identified relevant information demonstrating that his May 15, 2019 appeal DSH-SVSP-16000066 would prevent summary judgment. See Enciso 2015 WL 673269, at *1. Plaintiff simply alleges that the document will "unveil exhaustion of administrative remedies as to, in part Defendant Solis to the claim, in part retaliation." ECF No. 41 at 5. Plaintiff does not specify the content of his May 15, 2019 appeal, explain how it demonstrates exhaustion of his claims against Defendant Solis, or explain how it would prevent the Court from granting Defendant's motion for summary judgment. See ECF Nos. 41 and 45. Attached to Plaintiff's motion is a May 9, 2019 letter from the Department of State Hospitals ("DSH") regarding the Third Level Response, Local Log DSH-SVSP-16000066. ECF No. 41 at 7. The letter notes DSH received the third level appeal of Plaintiff's complaint regarding the Mental Health Assessment that was completed by Dr. Moayedi after Plaintiff received a Rules Violation Report ("RVR"). Id. The letter makes no mention of allegations by Plaintiff against Defendant Solis in connection with the appeal. Id. Also attached to Plaintiff's motion is a letter dated May 21, 2019 from DSH stating they received Plaintiff's grievance dated May 15, 2019, but since it was challenging a final third level decision, Plaintiff already had exhausted the administrative remedies available to him. Id. at 8. Neither of these documents addresses Defendant Solis' argument that the DSH-SVSP-16000066 appeal does not identify Defendant Solis and therefore does not exhaust Plaintiff's claims against

Defendant Solis in this litigation.[2]

Defendant Solis agrees that Plaintiff exhausted appeal DSH-SVSP-160006 on June 20, 2017. See ECF No. 37 at 6. Defendant Solis' argument is that appeal DSH-SVSP-160006 does not name R. Solis and does not contain any allegations against R. Solis. Id.; ECF No. 44. Plaintiff's pleadings and attached evidence do not provide any information indicating that R. Solis was named in appeal DSH-SVSP-160006 and do not provide any reason to believe that the requested May 15, 2019 submission would correct this deficiency and establish that Plaintiff did name R. Solis in appeal DSH-SVSP-160006. Accordingly, Plaintiff has not satisfied his burden and shown that the requested evidence would prevent summary judgment.

For the reasons set forth above, Plaintiff's motion is **DENIED** and the Court **RESETS** the briefing schedule as follows:

1. Plaintiff must file and serve his opposition, including any evidence, to the matters raised by Defendant's summary judgment motion [see ECF No. 37] by **November 1, 2019**. If Plaintiff does not wish to oppose Defendant's motion, Plaintiff must file and serve a "Notice of Non-Opposition" by that same date to let the Court know that Defendant's motion is unopposed.

2. If Plaintiff files and serve an opposition, Defendant must file and serve his reply to the opposition by **December 2, 2019.**

---

[2] This comports with the documents Defendant Solis filed in support of his motion for summary judgment. See ECF No. 37-3, Declaration of S. Gates in Support of Defendant's Motion for Summary Judgment at Exh. B at 13-14 (June 14, 2017 letter to Plaintiff from California Correctional Health Care Services regarding appeal DSH-SVSP HC-1600066 and noting that Plaintiff "requested for the Mental Health Assessment done by Dr. Moayedi be rescinded and the alleged incident in question be re-assessed" not mentioning Defendant); see also Id. at 15-16 (Plaintiff's October 26, 2017 Patient-Inmate Health Care Appeal DSH-SVSP-1600066 complaining about Dr. Moayedi with no mention of Defendant); Id. at 17-18 (September 13, 2016 Inmate/Parolee Appeal Form Attachment DSH-SVSP-1600066 discussing Dr. Moayedi's alleged failures and not mentioning Defendant); Id. at 19-20 (October 25, 2016 Institution Response for First Level HC Appeal regarding DSH-SVSP HC-1600066 summarizing Plaintiff's interview about the appeal and the denial with no mention of Defendant); Id. at 21-22 (January 19, 2017 Institution Response for Second Level HC Appeal regarding DSH-SVSP HC-1600066 summarizing Plaintiff's written appeal and only mentioning Plaintiff's requested relief as to Dr. Moayedi); Id. at 23-28 (copy of the August 26, 2016 Mental Health Assessment performed by Dr. Moayedi).

3. A hearing is set for **December 13, 2019** at **10:30 a.m.** in **Courtroom 3A**. Upon completion of the briefing, the Court will take the matter under submission pursuant to Civil Local Rule 7.1(d)(1) and no personal appearances on the December 13, 2019 hearing date should be made.

**IT IS SO ORDERED**.

Dated: 10/2/2019

Hon. Barbara L. Major
United States Magistrate Judge