UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>                                Plaintiff,<br>v.<br>R. SOLIS,<br><br>                                Defendant. | Case No.:  18cv1804-CAB (BLM)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [Doc. No. 56]** |

On January 31, 2020, this Court issued an order granting Defendant's motion for summary judgment [Doc. No. 53], and judgment was entered accordingly [Doc. No. 54]. On February 24, 2020, Plaintiff filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59.  [Doc. No. 56.]  On April 3, 2020, Defendant filed an opposition to the motion. [Doc. No. 59.]  On April 13, 2020, Plaintiff filed a motion for extension of time to file a reply to the opposition.  [Doc. No. 60.]  On April 15, 2020, the Court granted Plaintiff's motion for an extension of time and gave Plaintiff until May 29, 2020 to file a reply.  [Doc. No. 61.]  To date, no reply has been filed.

The Court deems the motion for reconsideration suitable for determination on the papers submitted and without oral argument.  *See* S.D. Cal. CivLR 7.1(d)(1).  For the

reasons set forth below, the motion for reconsideration is **DENIED**.

DISCUSSION

A.  Legal Standard.

Federal Rule of Civil Procedure 59 provides that after entry of judgment, a party may file a motion to alter or amend the judgment. Fed.R.Civ.P. 59(e). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.* "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08–CV–2342–L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.). In other words, a Rule 59(e) motion does not give parties a "second bite at the apple." *See Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001); *see also Keweenaw Bay Indian Cmty. v. State of Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("[W]here the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal."); *Bermingham v. Sony Corp. of Am., Inc.*, 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd 37 F.3d 1485 (3d Cir. 1994) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before

rendering its original decision fails to carry the moving party's burden.") (citation omitted). Ultimately, "[t]here is no requirement that reasons be stated for the denial of a motion for reconsideration under Rule 59(e)." Briddle v. Scott, 63 F.3d 364, 381 (5th Cir. 1995).

B.  Analysis.

Here, Plaintiff does not identify any change in controlling authority or new evidence. Rather, he merely rehashes arguments he presented or could have presented in the underlying motion for summary judgment.

Plaintiff argues the Court committed "clear error" with regard to four aspects of its summary judgment ruling. First, Plaintiff argues the Court failed to consider the entirety of Plaintiff's health care appeal No. DSH-SVSP-HC-16000066. [Doc. No. 56 at 2.] However, Plaintiff already raised this argument in his opposition to the summary judgment motion; and the Court correctly ruled that the health care appeal only exhausted the claims against the doctor, not Defendant Solis.

Second, Plaintiff argues the Court committed clear error when it failed to find that his Inmate Appeal RJD-17-00866 raised claims about Defendant Solis' misconduct on August 15, 2016. [Doc. No. 56 at 2.] However, the Court fully considered Plaintiff's Inmate Appeal RJD-17-00866, and correctly found that there was no mention of Defendant Solis in that appeal.

Third, Plaintiff argues that his transfer from RJD was a material reason the Court rejected Plaintiff's argument that he feared retaliation if he filed an inmate appeal against Defendant Solis. However, that was not a material reason for the Court's ruling. Rather, the Court found significant that Plaintiff's alleged interaction with Officer Perez was objectively "innocuous" and "the fact that [Plaintiff] filed nine inmate appeals thereafter, . . . , nearly four months after he was transferred from RJD, . . . does not constitute evidence of an objective fear of retaliation so severe as to have rendered the grievance

process 'effectively unavailable.'" [Doc. No. 53 at 21 (citations omitted).]

Finally, Plaintiff argues that his Appeal No. RJD-16-04433 provided notice to CDCR of his claims of retaliation against Defendant Solis. [Doc. No. 56 at 4-5.] Again, Plaintiff already argued this in his opposition to the motion for summary judgment. [Doc. No. 51 at 13-15.] The Court considered this argument and rejected it. [Doc. No. 53 at 15-16.]

## CONCLUSION

For the reasons set forth above, the motion for reconsideration is **DENIED**.

Dated: June 3, 2020

Hon. Cathy Ann Bencivengo
United States District Judge